IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| KENNETH HILL, #632292 | § § | |
| V. | § § | CIVIL ACTION NO. G-03-966 |
| JESSIERA GATSON | | |

### REPORT AND RECOMMENDATION

Plaintiff Kenneth Hill, proceeding *pro se,* filed the instant complaint pursuant to 42 U.S.C. §1983. Having reviewed Plaintiff's complaint, amended complaints and answers to interrogatories, this Court makes the following recommendation to the District Court.

When a plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915(a), the court may dismiss the pauper's case if satisfied that it is frivolous or malicious. 28 U.S.C. §1915(e)(2). A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success or has no arguable basis in law and fact. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989); *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). The determination of whether an action is frivolous or malicious may be made prior to service of process; therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915 (e)(2). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

A Plaintiff proceeding pursuant to Section 1983 must show that he has been deprived of a right secured by the Constitution and laws of the United States, and that the deprivation was caused by a person acting under color of state law. *See e.g., Thorne v. Jones*, 765 F.2d 1270 (5th Cir. 1985), *cert. denied*, 475 U.S. 1016 (1986). In this case, Plaintiff complains that he was

1

subjected to verbal abuse, harassment and retaliation at the hands of Defendant Gatson on July 17, 2003, and August 15, 2003.[1]  The acts of retaliation were allegedly orchestrated in response to a grievance Plaintiff filed in February 2003 against Gatson and another prison official regarding their alleged failure to "comply with correct procedures for allowing offenders in and out of there [sic] cells" and for calling him a "snitch."  Plaintiff alleges that the first retaliatory act by Gaston was "engineered" on July 17, 2003, when she allegedly attempted to file a false disciplinary report against him but was told to "throw it away."  The matter was allegedly resolved informally.  Plaintiff states that he did not file a grievance concerning this act; nor has he submitted any evidence to indicate that the action even occurred.

The second alleged act of retaliation occurred on August 15, 2003, when Gatson filed a disciplinary case against Plaintiff for refusing to obey an order, for which he was ultimately found guilty.

It is well established that prison officials may not retaliate against an inmate because that inmate exercised a right (generally flowing from protections provided by the First Amendment) guaranteed to him under the constitution.  *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995), *cert. denied*, 516 U.S. 1084 (1996).  The Fifth Circuit has specifically held that prison officials may not retaliate against an inmate for exercising the right of access to the courts, or for complaining through proper channels about a guard's misconduct.  *See Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006).  The latitude afforded prison officials in the control and discipline of inmates "does not encompass conduct that infringes on an inmate's substantive constitutional

---

[1] Michael Jennings and James Thomas, initially named as Defendants in this cause, were later voluntarily dismissed by Plaintiff.

rights." *Woods,* 60 F.3d at 1166.  The Fifth Circuit has also emphasized, nevertheless, that claims of retaliation from prison inmates must be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in penal institutions.  *See id.*  An inmate must therefore demonstrate more than his personal belief that he is being retaliated against.  *See Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999).  "To state a valid claim of retaliation, a prisoner must allege facts which establish (1) that he exercised a specific constitutional right, (2) the Defendant had the intent to retaliate against him for his exercise of that right, (3) a retaliatory adverse act occurred, and (4) causation.  *Morris,* 449 F.3d at 684, *quoting McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998).  "[I]f the inmate is unable to point to a specific constitutional right that has been violated, the claim will fail.  *Jones*, 188 F.3d at 324-25.

Although prisoners have a right of access to the courts, the right encompasses only a reasonable opportunity to file nonfrivolous legal claims challenging their convictions or confinement.  *See Johnson v. Rodriguez*, 110 F.3d 299, 310-11 (5th Cir. 1997).  "If such a liberty interest [in the use of grievance procedures] is indeed established by prison regulations, then retaliation against a prisoner for the exercise of it creates a valid claim" under Section 1983.  *Jackson v. Cain*, 864 F.2d 1235, 1249 (5th Cir. 1989).  With respect to the "quantum" of retaliation necessary to support a Section 1983 claim, the Fifth Circuit has embraced a holding by the District of Columbia Circuit, which held that in the context of First Amendment claims, an inmate's retaliation claim must allege acts that would "chill or silence a person of ordinary firmness from future First Amendment activities."  *Morris*, 449 F.3d at 684, quoting *Crawford-El v. Britton*, 93 F.3d 813, 826 (D.C. Cir, 1996)(en banc), vacated on other grounds, 523 U.S. 574 (1998).

3

Although Plaintiff filed a grievance against Gatson, there is no evidence that this "caused" him to be charged with a disciplinary action for failing to obey an order. Furthermore, even if Gatson's actions may, in some way, evidence that she was annoyed by Plaintiff's grievance filed six months earlier, Plaintiff was not subjected to an "adverse retaliatory act." The Fifth Circuit has held that "[r]etaliation against a prisoner is actionable only if it is capable of deterring a person of ordinary firmness from further exercising his constitutional rights. *Morris*, 449 F.3d at 686. In his Answers to Interrogatories, Plaintiff included copies of six grievances that he filed in 2003 against various prison officials, subsequent to August 15, 2003 (when he was the alleged victim of the retaliatory act by Gatson). Plaintiff has clearly neither alleged nor demonstrated that Gatson prevented or chilled him from filing grievances, and it obviously did not deter him from prosecuting this lawsuit. Plaintiff has failed to state a cognizable claim of retaliation against Defendant Gatson.

With respect to Plaintiff's allegation of verbal abuse, inmates have no constitutional right to be free from verbal abuse or defamation. *See Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir. 1993); *see also Ellingburg v. Lucas*, 5l8 F.2d 1196 (8th Cir. 1975) (no action for defamation will lie under Section 1983 for being called by an obscene name). This claim has no merit.

For the foregoing reasons, it is the **RECOMMENDATION** of this court that the above-styled cause be **DISMISSED with prejudice as frivolous**.

The Clerk shall send a copy of this Report and Recommendation to the Plaintiff, who shall have until **March 7, 2007** in which to have written objections **physically on file** in the Office of the Clerk. The objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at P.O. Drawer 2300. Failure to file written objections within the prescribed time shall bar an

4

aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

DONE at Galveston, Texas, this the     15th     day of February, 2007.

_____
John R. Froeschner
United States Magistrate Judge